# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| BRIAN CORTLAND, | No. 52739-1-II |
| Respondent, | |
| v. | |
| LEWIS COUNTY, a Municipal Corporation, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON A.C.J. — Lewis County appeals the superior court's order finding Brian Cortland to be the prevailing party in a Public Records Act (PRA)[1] lawsuit.  Preliminarily, Cortland argues that Lewis County does not have standing because it is not an aggrieved party under RAP 3.1 because it stipulated to the PRA violation when it signed a CR 2A stipulation, waived any issue, and invited any error.  Lewis County argues that it is aggrieved by the superior court's ruling and has standing, and that it agreed to a CR 2A stipulation on PRA penalties only, and thus, it did not waive its right to appeal or invite error.  Cortland argues that Lewis County violated the PRA by withholding 18 records from production, claiming an invalid exemption under GR 31.1, and failing to conduct an adequate search.  Cortland also argues that he is entitled to an award of appellate attorney fees and costs under RCW 42.56.550(4).

---

[1] Ch. 42.56 RCW.

We hold that Lewis County did not deny Cortland access to a public record, and thus, Cortland has no PRA cause of action. The PRA does not require an agency to prove to the requestor the adequacy of its search while the search is ongoing, and Lewis County proved the search was adequate up until the point where Cortland abandoned his PRA request. We also hold that Cortland is not entitled to an award of appellate attorney fees and costs under the PRA as he is not the prevailing party. We reverse the merits order and judgment in favor of Cortland and remand with an order for the superior court to enter a merits order and judgment in favor of Lewis County, and we deny Cortland's request for an award of appellate attorney fees and costs.

FACTS

I. PRA REQUEST AND LEWIS COUNTY'S RESPONSES AND INSTALLMENTS

Cortland's current November 2016 PRA request to Lewis County sought "[a]ny and all records from Chief Civil Deputy Prosecuting Attorney Glenn Carter that Mr. Carter created and/or maintained that concern judicial records, either under the common law, Nast v. Michels, or Washington State Court Rule GR 31.1." Clerk's Papers (CP) at 15. The county records center responded to Cortland on November 23, informing him that his request was going to be forwarded to the relevant department. Casey Mauermann, Lewis County Prosecuting Attorney's Office's public records officer, acknowledged the request in an email to Cortland on November 30, 2016. Mauermann asked for clarification as to the time frame for the requested records and estimated a response by January 4, 2017, but she later extended the ready date to February 3. She also advised Cortland that the records would be provided in installments.

Lewis County produced three initial installments of records under GR 31.1 because the records were judicial records. Cortland received the first installment of 101 records on February

2

3. He received the second installment of 100 records on March 7. He received the third installment of 106 records on June 27.

By the time of the fourth installment, two other people had made PRA requests identical to Cortland's. Lewis County concluded that during the ongoing litigation between Cortland and the county regarding his PRA request, Carter and his office had "used, created, and maintained" material that "concerned" judicial records in its own capacity as the prosecutor's office, not merely as a custodian of the records for the Superior Court. Thus, these amassed records were no longer GR 31.1 judicial records, but were county records subject to the PRA. As a result, the county decided to produce all such records under the PRA to the two new requestors, and to provide a copy to Cortland. Lewis County produced these records, over 3600 in total, to Cortland in his fourth installment under the PRA.

Mauermann emailed Cortland on August 2, 2017, to inform him that the fourth installment to his records request was available, and that she would be continuing to search for responsive records and would send him the next installment by October 2. Mauermann then emailed Cortland on October 12 to inform him that a new law[2] imposed fees for copying and providing PRA records, and advised him that she would be sending him a cost estimate by December 7.

## II. PRA LAWSUIT

On October 13, 2017, Cortland served Lewis County with a PRA summons and complaint, but he did not file the complaint with the court until November 17. In his complaint, Cortland alleged that he received no communication from Lewis County after August 2, 2017, that the

---

[2] LAWS OF 2017, ch. 304 (effective July 23, 2017).

county had denied him access to public records, and that it failed to conduct an adequate search, and thus, it violated the PRA. Lewis County denied the allegations.

After the suit was filed, Lewis County continued to search for responsive records and communicate with Cortland. On December 10, Mauermann emailed Cortland to inform him that a fifth installment was ready for copying and inspection. She provided him an estimated cost, which he never paid. Cortland exchanged emails with Mauermann until December 12. When he did not claim the fifth installment of records, Mauermann notified Cortland that failure to pay or respond within 30 days would constitute an abandonment. Because Cortland failed to pay or respond within the 30 days, Mauermann concluded that he abandoned his request, closed the PRA file, and stopped providing responsive records.

### III. PRA LAWSUIT–MERITS HEARING AND ORDER

Cortland and Lewis County disputed whether the county improperly claimed an exemption under GR 31.1 for the first three installments, whether the county conducted an adequate search and proved it did so, and whether compliance with GR 31.1 satisfies the PRA.

After a merits hearing, the superior court ruled that in regard to the first three installments, Lewis County produced the records in an incorrect form under GR 31.1 records rather than producing them under the PRA, and Lewis County had a duty to prove that its search was adequate under the PRA and failed to do so.

The court found that Lewis County continued to search for and produce records after Cortland filed the lawsuit. The court also concluded that the duty to search is not satisfied even if the requestor abandons the PRA request, and thus, it ordered the county to conduct a re-search for

4

responsive records.  The court stated, however, that Lewis County's production was ongoing, and

that it had provided a substantial number of records up until that point:

> Lewis County clearly provided a large number of records.  Lewis County was continuing to provide records.  I don't find that there had been a stoppage of the flow of records, but the difficulty is, and I think [Cortland's attorney] has made this point, it's difficult for [Cortland] to know what Lewis County is doing.  It makes it difficult for [Cortland] to know what was being searched, where it was searched, what is being provided, what isn't provided, whether the disclosure of records is exempted.  Lewis County is simply provided records, but without any way for [Cortland] to know all these things that a requestor's entitled to know.

Verbatim Report of Proceedings (VRP) (June 1, 2018) at 4-5.

The court entered the following relevant finding of fact at issue: "The record is absent of

an affidavit or declaration detailing the search Lewis County made for the Public Records Act

request at issue in this lawsuit."  CP at 266.  The court entered the following relevant conclusions

of law at issue and entered an order on the merits:

> 13.  As a matter of law Lewis County improperly withheld records because it failed to meet its mandatory burden of proof identifying it performed a sincere and adequate search under the Public Records Act, causing a violation of the right to inspect and copy, RCW 42.56.550(1).  "An adequate search is a prerequisite to an adequate response, so an inadequate search is a violation of the PRA because it precludes an adequate response."  A failure to properly respond is a denial under the Public Records Act.

> 14.  First, as a matter of law Plaintiff Brian Cortland is the prevailing party on the issue of the denial of the right to inspect and copy records because Lewis County did not meet its mandatory burden of proof, beyond a material doubt, that Lewis County demonstrated it made an adequate search for records pursuant to the Public Records Act.  An inadequate search "constitutes an improper withholding" violating the right to inspect and copy records.

> 15.  Second, as a matter of law Plaintiff Brian Cortland is the prevailing party on the issue of the denial of the right to inspect and copy records because Lewis County's cobbled together attempt to demonstrate the adequacy of the search made it impossible for [Cortland] to determine what records he would receive or not

receive under the Public Records Act. This is a denial of adequate response, which is a violation of the right to inspect and copy under the Public Records Act.

16. As to the prevailing party on the issue of being denied the right to copy and inspect records pursuant to RCW 42.56.550(1), Plaintiff Brian Cortland shall be awarded: all costs, reasonable attorney's fees, and a statutory penalty

. . . .

18. After this Court has made a determination that Lewis County has fulfilled its mandatory burden of demonstrating, beyond a material doubt, that it has search[ed] for and identified the responsive records to Mr. Cortland's request at issue in this lawsuit, the parties jointly or this Court will set the date for the Penalty Hearing.

CP at 267-69 (internal quotation marks and citations omitted).

Lewis County moved for reconsideration, arguing that the court's rulings were inconsistent because at the hearing, the court orally ruled that Lewis County was producing records to Cortland at the time Cortland filed the lawsuit, and the court then ruled in its written order that Lewis County failed to prove the adequacy of its search. Lewis County argued that it did not have a duty to prove the adequacy of its search since its production of records in installments was still ongoing. The court denied the motion.

Lewis County performed the re-search as ordered by the court and produced more records to Cortland. Based on the court's ruling, Lewis County offered to sign a CR 2A stipulation to PRA penalties in order to "speed the entry of a final order."[3] CP at 349. Lewis County made it clear that it did not agree with the court's ruling on the underlying merits:

Lewis County proposes to stipulate to the penalty analysis above for purposes of speeding entry of a final order in this matter. This is not an offer of settlement, for Lewis County wishes to maintain its ability to claim that the judge's

---

[3] The 18 records that Lewis County stipulated to withholding were judicial records Lewis County found in the re-search that it had not produced in the original three installments

order on the merits was erroneous. It is instead a stipulation designed to speed you to a final judgment.

CP at 350. The parties did not agree on whether Lewis County could appeal the merits order if it entered into the CR 2A stipulation regarding PRA penalties. They filed an agreed motion for entry of the final order and judgment. In the motion, the parties state,

> The parties ask the Court to enter a final order consistent with this stipulation. . . . Please note that the parties dispute whether the attached stipulation affects any right to appeal this matter.

CP at 315. The stipulation provided that it was predicated on the superior court's merits order being binding.

At the hearing, Lewis County brought to the court's attention the parties' disagreement over whether it was waiving its right to appeal, and it made it clear to the court that it was preserving its right to appeal.

> I think it's important for Lewis County to make one additional thing on the record. You'll see from the written documents the parties dispute what effect, if any, this proposed agreed order would have on either party's rights to appeal, and I just thought it was worth pointing out that there is a dispute over that. There isn't any specific agreement on that.
>
> . . . .
>
> [I]n candor to the court, Lewis County wishes to preserve its right to appeal potentially the underlying merits ruling and does not believe that stipulating to the penalty that follows from that merits ruling, while that ruling is binding on Lewis County because this court made it, would waive its right to appeal the underlying merits ruling. And so it wished to reflect that the parties don't have any agreement on that in the order to avoid waiver.

VRP (Nov. 16, 2018) at 5-6. Cortland argued that Lewis County would be inviting error if it appealed the order. The court understood the disagreement, and it signed the stipulation. The final

7

order stated that "[t]he parties disputed whether the stipulation effects any right to appeal." CP at 323.

Lewis County appeals the order on the merits hearing, the order denying its motion for reconsideration, and the final order and judgment.

ANALYSIS[4]

"The PRA is a strongly worded mandate for broad disclosure of public records." *Neighborhood Alliance of Spokane County v. Spokane County*, 172 Wn.2d 702, 714, 261 P.3d 119 (2011). The PRA "stands for the proposition that[] *full access* to information concerning the conduct of government on every level must be assured as a fundamental and necessary precondition to the sound governance of a free society." *Progressive Animal Welfare Soc'y v. Univ. of Wash.*, 125 Wn.2d 243, 251, 884 P.2d 592 (1994). And when evaluating a claim within the framework of the PRA, a court must "take into account the policy of this chapter that free and open examination of public records is in the public interest, even though such examination may cause inconvenience or embarrassment to public officials or others." RCW 42.56.550(3).

RCW 42.56.070(1) directs government agencies to disclose public records upon request unless a specific exemption in the PRA or another statute applies that exempts or prohibits disclosure of specific information or records. *Ameriquest Mortgage Co. v. Office of Attorney General of Wash.*, 177 Wn.2d 467, 485-86, 300 P.3d 799 (2013). Consistent with the PRA's

---

[4] Cortland argues that Lewis County's "inconsistent act of signing the CR 2A Stipulated Statutory Penalty agreement . . . waived the argument that it did not violate[] the Public Records Act." Br. of Resp't at 11. He also argues that Lewis County failed to preserve error and invited error. The parties stipulated to the penalties, but Lewis County properly preserved its right to appeal the underlying merits.

purpose, RCW 42.56.030 expressly requires that the PRA be "liberally construed and its exemptions narrowly construed . . . to assure that the public interest will be fully protected."

Denial of the right to inspect or copy a public record is a prerequisite to a PRA action. RCW 42.56.550(1). Denial of public records occurs "when it reasonably appears that an agency will not or will no longer provide responsive records." *Hobbs v. State Auditor's Office*, 183 Wn. App. 925, 936, 335 P.3d 1004 (2014). The superior court may hear a motion to show cause when a person has "been denied an opportunity to inspect or copy a public record by an agency." RCW 42.56.550(1). "Therefore, being denied a requested record is a prerequisite for filing an action for judicial review of an agency decision under the PRA." *Hobbs*, 183 Wn. App. at 937. When an agency produces records in installments, the agency does not deny access to the records until it finishes producing all responsive records. *Hobbs*, 183 Wn. App. at 936. "If a requestor fails to claim or review the records or an installment after the expiration of thirty days, an agency is authorized to stop assembling the remainder of the records or making copies." WAC 44-14-04005(1); RCW 42.56.120(4).

The court may decide a PRA action on affidavits alone. RCW 42.56.550(3); *O'Neill v. City of Shoreline*, 170 Wn.2d 138, 153-54, 240 P.3d 1149 (2010). Agency actions under the PRA are reviewed de novo. *Neigh. All.*, 172 Wn.2d at 715.

Cortland served the complaint only one day after Mauermann emailed him to inform him of the new estimated fees he would have to pay under the new law. Cortland filed the complaint with the superior court the next month, at which time the county was still amassing over 3600 responsive records to provide to Cortland. Once Lewis County informed Cortland that the fifth installment was ready and he would receive it once he paid the fee, Cortland expressed his

discontent with the fee and the handling of the requested records, and did not claim the records from the fifth installment. Lewis County notified him that if he did not pay or respond within 30 days, it would consider his request abandoned. When Cortland failed to pay or respond, the county closed its file and stopped producing responsive records.

Until this point, Lewis County did not deny Cortland's access to records because it did not reasonably appear that Lewis County would no longer provide responsive records. And it never denied Cortland's access to a public record because it continued to make available records for copying and inspection, including preparing a final fifth installment of records, until Cortland abandoned his PRA request. Because there was no denial of access, there was no final agency action under RCW 42.56.550(1), and thus, we hold that Cortland had no PRA cause of action. Therefore, the superior court erred by ruling that Cortland was the prevailing party on the merits.[5]

CONCLUSION

We reverse the superior court's merits order and judgment in favor of Cortland and remand with an order for the court to enter a merits order and judgment in favor of Lewis County, and deny Cortland's request for an award of appellate attorney fees and costs.

---

[5] "If applicable law grants to a party the right to recover reasonable attorney fees or expenses on review . . . the party must request the fees or expenses as provided in this rule." RAP 18.1(a). RCW 42.56.550(4) allows a prevailing party in a PRA action to receive an award of attorney fees and costs. Because Cortland is not the prevailing party, we deny Cortland's request for an award of appellate attorney fees and costs.

No. 52739-1-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, A.C.J.

We concur:

MELNICK, J.

CRUSER, J.